O

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

## CIVIL MINUTES – GENERAL

Case No. CV 11-10520 DOC (RNBx)                    Date:  February 20, 2014

Title: <u>CASAULT V. FEDERAL NATIONAL MORTGAGE ASSOCIATION, ET AL.</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<table>
<tr><td>Julie Barrera</td><td>N/A</td></tr>
<tr><td>Courtroom Clerk</td><td>Court Reporter</td></tr>
</table>

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                        None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING DEFENDANTS'**
**MOTIONS TO DISMISS ALL**
**PLAINTIFFS' CAUSES OF ACTION**
**WITH PREJUDICE**

Before the Court are two motions to dismiss (Dkts. 144 and 145) Plaintiffs' Third Amended Complaint (Dkt. 138).  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.

Defendants seek to dismiss Plaintiffs' causes of action for (1) Fraud; (2) Violation of Cal. Bus. & Prof. Code § 17200, *et seq*.; and (3) Violation of Cal. Civ. Code § 1788, *et seq*.  After considering the moving papers, Oppositions, and Replies, the Court GRANTS the Motions to Dismiss all three of Plaintiffs' causes of action against all Defendants, WITH PREJUDICE.

### I.    Background

Plaintiff filed a Third Amended Complaint ("TAC") against Servicer Defendants, on behalf of themselves, as well as seeking to represent other similarly situated individuals, for claims that concern the mortgage loan modification and foreclosure process.[1]

---

[1] Named Plaintiffs in the TAC originally included Tom Casault, Ot Bonsynat, John Alvino Alva, Jr., Rachel New, Otis Haynes, and Chetra Khut.  However, Rachel New has since voluntarily dismissed her claims, without prejudice (Dkt. 153).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  CV 11-10520-DOC (RNBx)                    Date:  February 20, 2014
                                                                                    Page 2

---

On December 10, 2012, Plaintiffs filed their TAC (Dkt. 131), which they later modified on December 21, 2012 (Dkt. 138).  The TAC brings three causes of action for (1) Fraud; (2) Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; and (3) Violation of Cal. Civ. Code § 1788, *et seq.*  The TAC is factually similar to Plaintiff's SAC, and previous familiarity with the SAC and this Court's earlier ruling will be assumed.

On January 25, 2013, Defendants filed their Motions to Dismiss Plaintiff's TAC pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.  On February 22, 2013, Plaintiffs filed Oppositions (Dkts. 148 and 149) to the Defendants Motions to Dismiss.  On March 15, 2013, Defendants filed Replies (Dkts. 154 and 155) to Plaintiff's Oppositions.

The Court will address both Motions in this Order, and will provide further factual information as necessary.

## II.      Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss).  The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The court is not required to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  CV 11-10520-DOC (RNBx)                    Date:  February 20, 2014
                                                                           Page 3

---

physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

       Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made).  Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires."  This policy is applied with "extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  However, "repeated failure to cure deficiencies by amendments previously allowed" provides a legitimate basis for the District Court, in its discretion, to deny a plaintiff permission to further amend the plaintiff's Complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

       Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity.  *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity.").  In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false."  *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)).  Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103.  This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

       However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Neubronner*, 6 F.3d at 672 (explaining that Rule 9(b)'s heightened pleading standard may be relaxed when the allegations of fraud relate to matters particularly within the opposing party's knowledge, such that a plaintiff cannot be expected to have personal knowledge).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  CV 11-10520-DOC (RNBx)                          Date:  February 20, 2014
                                                         Page 4

---

### III.    Discussion

####    a.    Fraud

Plaintiffs' claims for fraud fail again for a lack of specificity.  All claims brought
by Plaintiffs follow a similar model, and while this Court's ruling will be applied to all
named Plaintiffs, the Court will use the facts of Ot Bonsynat to illustrate the legal failings
of Plaintiffs' TAC as a whole.

Plaintiffs bring a cause of action for fraud against Defendants under California
Civil Code § 3294(c)(3).  Under California law, "'Fraud' means an intentional
misrepresentation, deceit, or concealment of a material fact known to the defendant with
the intention on the part of the defendant of thereby depriving a person of property or
legal rights or otherwise causing injury." Cal. Civ. Code § 3294(c)(3).  A cause of action
for fraud requires (1) [a] misrepresentation (false representation, concealment, or
nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable
reliance; and (5) resulting damage." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992,
997 (N.D. Cal. 2009).  In order to demonstrate the requisite showing of reliance, there
must be a causal connection between the fraudulently induced reliance and the harm
sustained. *Service by Medallion, Inc. V. Clorox, Co.*, 44 Cal. App. 4th 1807, 1818-19
(1996) (holding that because damages were caused from events apart from the Plaintiff's
reliance on any alleged misrepresentations, the cause of action for fraud could not be
sustained).  Furthermore, "[d]eception without resulting loss is not actionable fraud." *Id.*
at 1818; *Auerbach v. Great Western Bank*, 74 Cal. App. 4th 1172, 1184 (1999).

In the Courts previous ruling, Plaintiffs were told that in order to survive a
12(b)(6) motion to dismiss, Plaintiffs must include "specificity, namely names, dates,
[and] places, to their allegations."  Order at 11.  However, "[a] list of names and a list of
activities strung together by a theory do not rise to the level of pleading necessary for
fraud." *Id.* at 8.  "Plaintiffs . . . [were told that they had] to plead that the damages caused
were due to a justifiable reliance on a misrepresentation and not due to Plaintiff's failures
to pay their mortgage." *Id.* at 12.

The Court finds that Plaintiffs have once again failed to plead with sufficient
particularity in order to survive the Defendants' Motions to Dismiss.  Although Plaintiffs
have provided details concerning the who, what, where, when, and how required by Rule
9(b), Plaintiffs still have not provided any detailed allegations that Plaintiffs' foreclosures

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  CV 11-10520-DOC (RNBx)                    Date:  February 20, 2014
                                                    Page 5

---

"were due to a justifiable reliance on a misrepresentation and not due to Plaintiff's failures to pay their mortgage."  *Id.*  Looking to Bonsynat's case with OneWest specifically, the Court acknowledges that Plaintiff has alleged a number of details about the fraudulent scheme.  Although Bonsynat has successfully provided sufficient detail of the fraudulent scheme in order to allow the Defendants to properly defend themselves, the TAC provides no information that demonstrates the fraudulent scheme caused Bonsynat's foreclosure.  Bonsynat asked for a loan modification, which he received.  *Id.* ¶¶ 130, 137.  Bonsynat was unable to pay his loan, even once modified, and his home was foreclosed.  *Id.* ¶ 156.  Bonsynat lost his home because he did not pay his mortgage.  Plaintiffs have also alleged that the Defendants tricked them into continuing to pay their mortgages.  But on the facts as alleged in the TAC, Plaintiffs have not shown that their losses are recoverable in a fraud action.  *See Auerbach*, 74 Cal. App. 4th at 1185[2].

Other named Plaintiffs allege essentially the same arguments, to no avail.  Therefore, this Court GRANTS Defendants' Motions to Dismiss Plaintiffs' cause of action for fraud, WITH PREJUDICE.

### b.      Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

"To allege a UCL claim, a plaintiff must show that the defendant's business practice was 'unlawful, unfair, or fraudulent' by stating with reasonable particularity the facts supporting the violations."  Order at 16 (citing Cal. Bus. & Prof. Code § 17200; *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993)).  This Court has previously noted that a successful UCL claim would state facts with particularity that Defendants' conduct (1) actually broke a law, (2) provided overall utility that was less than the conduct's harm to the consumer, (3) "violate[d] public policy as declared by specific constitutional, statutory or regulatory provisions," or (4) was "likely to deceive" the consumer.  Order at 17-18 (internal citations and quotation marks omitted).

---

[2] This is not to say that *Auerbach* precludes all forms of recovery for Plaintiffs who are harmed by actions similar to those alleged in this Complaint. *See* 74 Cal. App. 4th at 1185.  For example, if Plaintiffs would have alleged that they had lost something other then just the money that they had already owed for their mortgage payments (such as non-nominal loan modification fees), a cognizable claim of fraud may have been possible.  Had the misrepresentations by Defendants actually led, independently, to the Plaintiffs' defaults, a cognizable cause of action may have been possible under the UCL as discussed *infra* Section III.B.  *See Pinel v. Aurora Loan Services, LLC*, 814 F. Supp. 2d 930, 942 (N.D. Cal. 2011).  Furthermore, if the debt would have been assigned after Plaintiffs had already entered into default, then Defendants may have been "debt collectors" under the meaning of the FDCPA, and a cognizable cause of action under the FDCPA may have been sustainable, as discussed *infra* Section III.C.  However, under the unique set of factual circumstances provided in this Complaint, Plaintiffs have not alleged a claim for which this Court can provide relief.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  CV 11-10520-DOC (RNBx)                    Date:  February 20, 2014
                                                                              Page 6

---

In order to have standing to bring a claim for unfair competition under the UCL, a party must have "suffered injury in fact and . . . lost money or property *as a result* of the unfair competition." *Solomon v. Aurora Loan Services LLC*, No. CIV. 2:12-209 WBS KJN, 2012 WL 2577559 *7 (E.D. Cal. 2012) (finding that the plaintiff had no right to a loan modification, and promises that she might be eligible for one did not provide the required causal connection for adequately stating a claim under the UCL); *see also Pinel v. Aurora Loan Services, LLC*, 814 F. Supp. 2d 930, 942 (N.D. Cal. 2011) (finding that loan modification offers that purposely and falsely told borrowers that they could pay a rate that would not pay off the borrowers' deficiencies, only to then foreclose on the property when the borrowers inevitably defaulted, was sufficient to establish standing).

Although pleading an economic injury is not the only way to demonstrate an "injury in fact" under Article III of the United States Constitution, after California passed Proposition 64, some form of economic injury—specifically the loss of money or property—must be established in order to state a valid claim under the UCL. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323-24 (2011). "Because the lost money or property requirement is more difficult to satisfy than that of injury in fact [under Article III], for courts to first consider whether lost money or property has been sufficiently alleged or proven will often make sense. If it has not been, standing is absent and the inquiry is complete." *Id.* at 325.

In the Courts previous ruling, Plaintiffs were told that in order to survive a 12(b)(6) motion to dismiss, Plaintiffs must either demonstrate that the Defendants broke the law, or provide enough facts, pled with particularity, so as to meet the heightened standard of Federal Rule of Civil Procedure 9(b) concerning avenues (2)-(4) discussed *supra*. However, Defendants, as an alternative matter, argue that Plaintiffs lack standing to bring an action under the UCL. Like *Solomon*, Plaintiffs cannot be said to have experienced any injury in fact, simply from not receiving loan modifications that the Plaintiffs wanted, but were never entitled to. 2012 WL 2577559 *7. Plaintiffs have not referenced any contractual provision between the two parties that would establish a right to a loan modification, nor have they put forward a sufficient promissory estoppel argument, or utilized any other theory to establish that bringing a claim under the UCL might be appropriate. *See id.*

Similarly, unlike *Pinel*, Plaintiffs have not established that they were somehow deceived into defaulting on their loans, or were told that they could pay less than what was required under their mortgage agreement so as to allow the lender, through deceit; to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  CV 11-10520-DOC (RNBx)                          Date:  February 20, 2014
                                                          Page 7

---

foreclose on property that otherwise may not have been foreclosed on.  814 F. Supp. 2d at
942.  All named Plaintiffs were already on the road to foreclosure prior to any talks of
loan modifications.  Without establishing an entitlement to a loan modification, under
contract, promissory estoppel, or an alternative theory, and without demonstrating a loss
of money or property which actually belonged to the Plaintiffs, the Plaintiffs cannot state
a valid claim for relief.  Therefore, the Court GRANTS Defendants' Motions to Dismiss
Plaintiffs' cause of action brought under the UCL, WITH PREJUDICE.

### c.      Violation of Cal. Civ. Code § 1788, *et seq.*

"To evaluate claims under the Rosenthal Act, the Court must consider whether the
alleged communications from the debt collector would likely mislead the least
sophisticated debtor."  Order at 12-13 (quoting *Guerrero v. RJM Acquisitions LLC*, 499
F.3d 926, 934 (9th Cir. 2007)) (internal quotation marks omitted).  As previously noted
by this Court, Section 1788.17 of the Rosenthal Act incorporates the federal Fair Debt
Collection Practices Act ("FDCPA") by reference.  *Id.* at 12 (citing Cal. Civ. Code §
1788.17; 15 U.S.C. §§ 1692(b)-(j)).  The FDCPA prohibits a debt collector from using
"'any false, deceptive, or misleading representation or means in connection with the
collection of any debt' or 'unfair or unconscionable means to collect or attempt to collect
any debt.'"  *Id.* at 12 (quoting 15 U.S.C. §§ 1692(e)-(f)).  The "FDCPA's definition of
debt collector does not include the consumer's creditors, a mortgage servicing company,
or any assignee of the debt, *so long as the debt was not in default at the time it was
assigned.*"  *Id.* at 13-14 (quoting *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053
(E.D. Cal. 2009)).

In the Courts previous ruling, Plaintiffs were told that in order to survive a
12(b)(6) motion to dismiss, Plaintiffs must demonstrate that servicer Defendants were
"'debt collector[s]' as defined by the FDCPA," that were engaged in the process of
"collecting a debt."  *Id.* at 13-14.  In their TAC, Plaintiffs again fail to plead facts
adequate to survive a 12(b)(6) motion.  The Court returns to the claims brought by
Bonsynat to illustrate Plaintiffs failings.

Plaintiff Bonsynat asserts that "each and every time he contacted OneWest by
telephone, he was first greeted by a recorded message that informed him the [sic]
OneWest was [sic] debt collector, collecting a debt and that any information provided by
Plaintiff, would be used for that purpose."  FAC ¶ 169.  Plaintiff also claims that
"OneWest was assigned Plaintiff's mortgage upon purchasing the assets of IndyMac

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  CV 11-10520-DOC (RNBx)                    Date:  February 20, 2014
                                                     Page 8

---

Bank from the FDIC in March 2009 . . . [and] that his mortgage loan was in default prior to OneWest being assigned the servicing rights to his mortgage loan." *Id.* ¶ 170-71. However, Bonsynat claims that the Notice of Default was issued on December 10, 2009, which of course is after March 2009. *Id.* ¶¶ 129, 171.  Bonsynat provides no further explanation.  Bonsynat does not provide facts to demonstrate that default occurred *prior* to the debt being assigned, or that OneWest actually was assigned the debt in such a way as to distinguish it from a mere mortgage servicing company—which of course would also not fall under the FDCPA's definition of a debt collector.  *See Nool*, 653 F. Supp. 2d at 1053.  The claims brought by the other named Plaintiffs fail for similar reasons.  *See Id.*; FAC ¶¶ 189, 264, 320, 418.  Finishing the Complaint by making conclusory allegations that the Defendants were in deed debt collectors is not an adequate remedy for the failure to plead facts with particularity.  *Id.* ¶¶ 570-71; *See Twombly*, 550 U.S. at 555.  Therefore, this Court GRANTS Defendants' Motions to Dismiss Plaintiffs' cause of action for the Violation of Cal. Civ. Code § 1788, *et seq.*, WITH PREJUDICE.

**IV.    Disposition**

        For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss Plaintiffs' causes of action for (1) Fraud, (2) Violations of California Business and Professions Code § 17200, and (3) Violations of California Civil Code § 1788, WITH PREJUDICE.

        The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                              Initials of Deputy Clerk: jcb